UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| LOCAL 682 HEALTH AND WELFARE TRUST FUND, et al., | ) ) ) |
| Plaintiffs, | ) ) ) |
| v. | ) Case No. 4:05CV00260RWS ) |
| HARRISON LUMBER AND HARDWARE COMPANY, | ) ) ) ) |
| Defendant. | ) |

## JOINT STIPULATION FOR CONSENT JUDGMENT

Come now Plaintiffs and Defendant who have agreed upon and jointly request this Court to enter the following as a Judgment in this matter:

1.  Judgment is hereby entered in favor of Plaintiffs, Local No. 682 Health and Welfare Trust Fund (hereinafter referred to as the "Fund") and Robert B. Vining, Jr., Patrick J. Wessels, Fred Kern, Thomas J. Wright, Sr., Terry K. Madden and Doug Hollander, the Trustees of the Fund, and against Defendant Harrison Lumber and Hardware Company, in the amount of Thirty Thousand Nine Hundred Forty-Five Dollars and Ninety-Nine Cents ($30,945.99) (i.e. the "Deficiency") as and for delinquent contributions accruing during the period from October 2004 through December 2005, interest on the unpaid contributions, interest in lieu of liquidated damages and attorneys fees and costs incurred in the collection of such delinquencies.

2.  Execution on this amount will be stayed pending compliance with the terms of this Stipulation for Consent Judgment.

    A.  Defendant agrees to submit to the Fund Contribution Reports for each calendar month on or before the tenth (10th) day of the month following the month for which the report is being

submitted, but only as long as and to the extent that Defendant has an obligation to do so under the Fund's documents and Defendant's collective bargaining agreement(s);

B. Defendant agrees to pay all contributions shown as due on each month's Contribution Report on or before the tenth (10th) day of the month following the month for which the report is being submitted, but only as long as and to the extent that it has an obligation to do so under the Fund's documents and Defendant's collective bargaining agreement(s).

C. Defendant also agrees to pay an additional sum equal to a minimum of Six Hundred Dollars ($600.00) per month, beginning February 10, 2006, until the foregoing Deficiency judgment is satisfied in full. This additional payment is also to be received by the Fund on or before the tenth (10th) day of each month. These payments shall be applied to satisfy the Deficiency and Defendant may, at any time, pay a greater amount toward its satisfaction.

If Defendant does not tender the payments described above according to the terms of this Stipulation for Consent Judgment, Plaintiffs shall be entitled to enforce and execute upon the Consent Judgment entered hereby. Provided, however, execution on the judgment shall be stayed so long as Defendant adheres to the foregoing payment obligations and schedule.

3. The parties stipulate that the Deficiency was determined pursuant to Contribution Reports submitted by Defendant for the period of time from October 2004 through December 2005, and that Plaintiffs have not had the benefit of an audit of Defendant's records for that or any other period. Therefore, the parties agree that the Consent Judgment is for full settlement and release of any and all claims Plaintiffs have or may have against Defendant for contributions, late penalties, or other amounts which might accrue to the Fund through December 2005.

4. The parties agree that this Stipulation for Consent Judgment shall replace the

2

Judgment dated May 19, 2005 that was obtained pursuant to a Motion for Default Judgment filed by Plaintiffs on May 2, 2005 and the parties agree that said Default Judgment is hereby set aside and shall be void.

5. The parties acknowledge that during periods prior to and while the Deficiency accumulated and Defendant was delinquent in making contributions to the Fund, the Fund did not make benefit payments for claims incurred by Plaintiffs' employees which would otherwise have been due and payable under the Plan established under the Fund (the "Plan"). The parties also agree that until the Deficiency is satisfied and while payments are being made pursuant to paragraphs 2(B) and 2(C) above, the Fund also will not make benefit payments for claims incurred by employees of Defendant who would otherwise be eligible for benefits and coverage under the Plan.

Plaintiffs agree that any unpaid claims for benefits incurred by employees of the Defendant who would otherwise have been eligible for benefits under the Plan but for the non-payment of contributions by the Defendant or satisfaction of the Deficiency, during: (a) periods prior to January 1, 2006 while the Deficiency was accumulated and/or Defendant was delinquent in making payments of contributions to the Fund, as well as (b) during periods after December 2005 while Defendant is satisfying the Deficiency pursuant to this Judgment, may be submitted to the Plan. To the extent that such claims are submitted on a timely basis (i.e. within ninety (90) days of the date on which such claims are incurred and are invoiced to the employees), such claims will be paid in accordance with the terms of the Plan upon receipt of payment of contributions by the Defendant covering the period of time the claim was incurred.

Such claims should be submitted to the Fund c/o BeneSys, Inc., P.O. Box 1168, Maryland Heights, Missouri 63043. The Fund then will hold the claims for adjudication and payment pending

3

the Fund's receipt of payment of contributions for the period during which they were incurred.

6. Upon Plaintiffs' receipt of Thirty Thousand Nine Hundred Forty-Five Dollars and Ninety-Nine Cents ($30,945.99), representing payment in full of the Consent Judgment, Plaintiffs will file with this Court an Acknowledgment of Satisfaction of Judgment and Plaintiffs' employees whose current coverage and payment of benefits under the Plan had been suspended described in Paragraph 5 pending satisfaction of the Deficiency, shall be restored and shall be entitled to submit and receive payment for claims incurred under the Plan in accordance with Plan terms without any further restriction or suspension by reason of the existence of the Deficiency, so long as the employees are eligible for coverage pursuant to the terms of the Plan and Defendant is not delinquent in submitting reports and contributions for the months subsequent to the Deficiency and not included in the Deficiency.

WHEREUPON, Plaintiffs and Defendant jointly submit the foregoing Stipulation for Consent Judgment and pray that this Court enter it forthwith and vacate the existing Default Judgment previously entered herein.

Brian A. Spector #4429
Julie A. Lenggenhager #113985
Spector & Wolfe, L.L.C.
206 West Argonne, Suite 101
Kirkwood, Missouri 63122
(314) 909-0303 Telephone
(314) 909-0306 Facsimile

Attorneys for Plaintiffs

Stanley G. Schroeder #24953
Matthew B. Robinson #498731
The Lowenbaum Partnership, L.L.C.
222 S. Central Avenue, Suite 901
St. Louis, Missouri 63105
(314) 863-0092 Telephone
(314) 746-4848 Facsimile

Attorneys for Defendant

4

_____
William J. Harrison, President
Harrison Lumber and Hardware Company


So Ordered:

_____
U.S. District Judge

Dated this 17th day of March, 2006.

5